UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | |
|---|---|
| MONICA HAMILTON, *et al.*, : | CASE NO. 1:14-CV-02175 |
| Plaintiffs, : | |
| vs. : | OPINION & ORDER |
| : | [Resolving Doc. No. 25] |
| METROPOLITAN PROPERTIES OF : | |
| AMERICA, INC, : | |
| Defendant. : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant moves for entry of judgment in Plaintiff's favor and dismissal of Plaintiff's complaint.[1] For the following reason, the Court **DENIES** Defendant's motion.

**I. Background**

Plaintiff Monica Hamilton ("Hamilton") seeks to certify an FLSA collective action against her former employer, Defendant Metropolitan Properties of America, Inc. ("Metropolitan").[2] Hamilton worked for Metropolitan as a leasing consultant between July 2013 and September 2014.[3]

Hamilton received overtime pay, but she alleges that the rate was calculated incorrectly and in violation of the FLSA. Hamilton's overtime rate was based on her regular hourly wage. But in addition to an hourly wage, Hamilton occasionally earned commissions for securing leases. Hamilton argues that her overtime rate should have taken into account these periodic commissions, not just

---

[1] Doc. 25.
[2] Doc. 1.
[3] *Id*. at 3.

-1-

Case No. 1:14-CV-02175
Gwin, J.

her regular hourly wage.[4] Hamilton has moved to conditionally certify a class of all similarly situated leasing consultants across seven states.[5] Defendant opposes conditional certification.[6]

Metropolitan has made offers of judgment under Rule 68 to Hamilton and three other opt-in Plaintiffs.[7] Metropolitan has recalculated Plaintiffs' overtime wages, making an upward adjustment for weeks in which Plaintiffs worked more than 40 hours and earned commissions. The offer specified that if Plaintiffs did not accept it within fourteen days of service, "it shall be deemed withdrawn."[8] Plaintiffs did not respond to the offer.

Metropolitan states that they have "offer[ed] Plaintiffs everything they claim due in this lawsuit."[9] Metropolitan argues that Plaintiffs' failure to accept the offer requires the Court to enter judgment for Plaintiffs and dismiss their claim as moot.[10]

## II. Analysis

Metropolitan's theory conflicts with the plain text of Rule 68. Section (A) of the Rule requires entry of judgment where an opposing party *accepts* an offer of judgment in writing.[11] Section (B) of the Rule explains, "[a]n unaccepted offer is considered withdrawn, but does not preclude a later offer." Metropolitan's offer, both by its own terms and under Rule 68, has been withdrawn due to lapse of time.[12] Plaintiffs' have not accepted any offer, nor is any offer currently

---

[4] *Id.* at 3-4.
[5] Doc. 21.
[6] Doc. 22.
[7] Doc. 20.
[8] *Id.* at 3.
[9] Doc. 25 at 2.
[10] *Id.* at 10.
[11] Fed. R. Civ. P. 68.
[12] Doc. 20; Fed. R. Civ. P. 68.

Case No. 1:14-CV-02175
Gwin, J.

on the table. Section (A) of Rule 68 is thus plainly inapplicable, and no entry of judgment is required.

Metropolitan's reliance on *Genesis Healthcare Corp. v. Symczyk*[13] is also misplaced. In *Genesis*, the Supreme Court found that a plaintiff no longer had a personal interest in representing a proposed FLSA collective action, thus rendering her claim non-justiciable. In reaching this conclusion, the Court assumed that the plaintiff's own claim had been rendered moot after the defendant made her an offer of judgment under Rule 68. The Court held, "[i]n the absence of any claimant's opting in, respondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action."[11]

The Court noted, "[w]hile the Courts of Appeals disagree whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot, we do not reach this question, or resolve the split, because the issue is not properly before us."[12]

Metropolitan's argument confuses this assumption with a holding. The Court is unpersuaded that an unaccepted Rule 68 offer renders Plaintiff's claim moot and prevents her from proceeding as the representative of a proposed FLSA collective action. The Plaintiff did not accept an offer. The

---

[13] 133 S. Ct. 1523 (2013).
[11] *Id*. 1529.
[12] *Id*. at 1528-29.

Case No. 1:14-CV-02175
Gwin, J.

case is not moot and entry of judgment and dismissal is therefore not appropriate.[13]

    IT IS SO ORDERED.


Dated: January 26, 2015          s/        *James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE

---

[13] *See Daily Servs., LLC v. Valentino*, 756 F.3d 893, 898-99 (6th Cir. 2014) ("Indeed, a claim for damages remains live until it is settled, judicially resolved, or barred by a statute of limitations. None of these three scenarios applies here. It is possible for the court to grant effectual relief on [Plaintiff's] damages claim; Daily Services has a concrete interest in the outcome of this litigation. The case, therefore, is not moot." (internal citations and quotation marks omitted)).