UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
MONICA HAMILTON, *et al.*,                     :     CASE NO. 1:14-CV-02175
                                               :
       Plaintiffs,                         :
                                               :
vs.                                            :     OPINION & ORDER
                                               :     [Resolving Doc. 17]
METROPOLITAN PROPERTIES OF                     :
AMERICA, INC.,                                 :
                                               :
       Defendant.                          :
                                               :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Plaintiff Monica Hamilton alleges that her employer, Metropolitan Properties of America, Inc., ("MPA") incorrectly calculated her overtime rate in violation of the Fair Labor Standard Act ("FLSA").[1/] Hamilton moves for conditional certification of an FLSA collective action for herself and others similarly situated.[2/] Defendant MPA opposes.[3/] For the following reasons, the Court **GRANTS** conditional certification.

## I. Background

    Hamilton worked for MPA as a leasing consultant in Cleveland, Ohio between July 2013 and September 2014.[4/] MPA based Hamilton's overtime rate on her regular hourly wage. But in addition to an hourly wage, Hamilton occasionally earned commissions for securing leases. Plaintiff Hamilton argues that her overtime rate should have taken into account these periodic commissions, not just

---

    [1/] Doc. 1.
    [2/] Doc. 17-1.
    [3/] Doc. 22.
    [4/] Doc. 1 at 3.

Case No. 1:14-CV-02175
Gwin, J.

her regular hourly wage.[5] Thus, Hamilton alleges that she is owed additional overtime pay.

Hamilton moves to conditionally certify a class of all similarly situated leasing consultants across seven states. The proposed class is defined as follows: "All former and current leasing consultants employed by Metropolitan Properties of America, Inc. between October 1, 2011 and the present."[6] MPA opposes conditional certification.[7]

## II. Standards

A plaintiff alleging a FLSA violation can bring a representative action for himself and similarly situated persons. To do so, "1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action."[8]

Neither the FLSA nor the Sixth Circuit have explicitly defined the term "similarly situated."[9] Nevertheless, the Sixth Circuit has said that FLSA plaintiffs may proceed collectively in cases where "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct."[10]

The Sixth Circuit uses a two-stage certification process to determine whether a proposed group of plaintiffs is "similarly situated."[11] First, the "notice" stage helps determine whether there are plausible grounds for plaintiffs' claims.[12] A plaintiff must make only a "modest factual showing"

---

[5] *Id.* at 3-4.
[6] Doc 17-1 at 7.
[7] Doc. 22.
[8] *Comer v. Wal-Mart Stores*, Inc., 454 F.3d 544, 545 (6th Cir. 2006) (citations omitted).
[9] *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009).
[10] *Id.* at 585.
[11] *Comer*, 454 F.3d at 547.
[12] *Id.*

Case No. 1:14-CV-02175
Gwin, J.

and needs to show "only that his position is similar, not identical, to the positions held by the putative class members."[13] Because the court has limited evidence at this stage, this standard is "fairly lenient," and "typically results in 'conditional certification' of a representative class."[14]

The second stage occurs after "all of the opt-in forms have been received and discovery has concluded."[15] "At the second stage, following discovery, trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated."[16]

### III. Analysis

Hamilton alleges that she and approximately fifty other leasing consultants were paid insufficient overtime in violation of the FLSA. Three other putative class members have submitted declarations that they are similarly situated. Nonetheless, MPA opposes conditional certification on several grounds. None succeed.

First, MPA argues that an impermissible conflict of interest exists within the class. The proposed class includes some leasing consultants who later worked as assistant managers at MPA. According to MPA, leasing consultants will argue they were forced to work off the clock. Assistant managers, however, would be partially responsible for this practice, creating a conflict of interest.[17] In a related argument, MPA has moved to disqualify Hamilton's counsel based on this conflict.[18]

Hamilton has clarified that "Plaintiff has *not* brought an off-the-clock claim against

---

[13] *Id.*
[14] *Id.* (quoting *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)).
[15] *Id.*
[16] *Id.* at 547.
[17] Doc. 22 at 7.
[18] Doc. 21.

Case No. 1:14-CV-02175
Gwin, J.

Defendant, nor does she intend to do so."[19] Hamilton does not allege that assistant managers, or anyone at MPA, forced her to work off the clock. Hamilton merely alleges that her overtime has been calculated incorrectly. Indeed, MPA has withdrawn its motion to disqualify Hamilton's counsel in light of this clarification.[20] Pursuant to Hamilton's representations, no conflict of interest exists. Therefore, MPA's argument loses.

Second, MPA argues that it has made "an unconditional payment to Plaintiff" in the form of a check mailed to her attorneys. Because "Plaintiff has now received everything she could possibly recover in this action," MPA says she has no personal stake in the litigation.[21] MPA argues that Hamilton is no longer similarly situated to other potential plaintiffs, and thus cannot serve as a lead plaintiff for a proposed collective action.[22]

The Court previously rejected virtually the same argument from MPA.[23] MPA appears to argue that an unaccepted offer of judgment to a lead plaintiff – whether made under Rule 68 or simply called an "unconditional payment" – means that a case is moot and not appropriate for conditional certification. The Court earlier rejected this theory and concludes the same way again.

Third, MPA argues that Hamilton has not satisfied her evidentiary burden for conditional certification. Specifically, MPA argues that Hamilton can only speak to the overtime payment practices at a single MPA property in Cleveland, Ohio. MPA argues that she has not made a sufficient showing that MPA had a uniform policy or practice of incorrectly calculating overtime,

---

[19] Doc. 23 at 2 (emphasis added).
[20] Doc. 27.
[21] Doc. 29 at 1.
[22] *Id*.
[23] Doc. 28.

-4-

Case No. 1:14-CV-02175
Gwin, J.

or that leasing consultants in other states were paid the same way.[24]

MPA's argument fails because of the minimal factual showing required for conditional certification. Hamilton needs only a colorable claim that she was paid insufficient overtime and that leasing consultants in other locations were similarly underpaid.

Hamilton makes this initial showing. She points, for instance, to MPA's website, which notes that a single individual serves as MPA's nationwide Human Resources and Payroll Manager. The putative collective action members' pay stubs all come from a single, out of state payroll processing company.[25] These similarities are enough to state a plausible claim that MPA has a nationwide wage payment policy and pays leasing consultants similarly across locations and states.

MPA can argue that leasing consultants in other states are paid differently than Hamilton when MPA seeks to decertify the proposed collective action. The very purpose of conditional certification is to allow discovery into whether putative class members are in fact similarly situated. Hamilton cannot present hard evidence that MPA pays all leasing consultants the same way without doing any discovery first.

### IV. Conclusion

The Court **GRANTS** Hamilton's motion for conditional certification of a class consisting of "all former and current leasing consultants employed by Metropolitan Properties of America, Inc. between October 1, 2011 and the present."

The Court **ORDERS** MPA to provide Hamilton with the name, last known home address (including zip code), last known telephone number, last known email address, and dates of

---

[24] Doc. 22 at 9.
[25] Doc. 23 at 4-5.

Case No. 1:14-CV-02175
Gwin, J.

employment of all individuals within the above-defined class. MPA is to provide this information to Hamilton within fifteen days.

Additionally, the Court **ORDERS** that, within fifteen days of the date of this Order, the parties shall submit to the Court proposed language for notification and consent forms to be issued by the Court apprising potential plaintiffs of their rights under the FLSA to opt-in as parties to this litigation. In drafting the proposed notification language, the parties should "be scrupulous to respect judicial neutrality" and "take care to avoid even the appearance of judicial endorsement of the merits of the action."[26]

IT IS SO ORDERED.

Dated: February 25, 2015                    s/         *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[26] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989).